# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES K. POPHAM, JR., | ] | |
|     **Plaintiff,** | ] | |
| | ] | |
| v. | ] | CV-04-BE-2878-S |
| | ] | |
| MASSEY HAULING CO., INC., | ] | |
|     **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

Before the court is the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action With Prejudice (Doc. 21). For the reasons stated below, the court approves the settlement agreement as fair, equitable, and in compliance with the policies of the Fair Labor Standards Act. Finally, the court grants the Motion and dismisses the case with prejudice.

Plaintiff Charles K. Popham, Jr., brought this suit against his former employer, Massey Hauling Company, alleging Massey Hauling violated the Fair Labor Standards Act[1] and retaliated against him for complaining about violations of the FLSA. *See Amended Complaint*, Doc. 14. Among other things, Popham sought back wages he claimed Massey Hauling owed him under the FLSA. *Amended Complaint*, Doc. 14, p. 6. On January 7, 2005, Popham moved to dismiss count one of the Amended Complaint, an FLSA claim, because he had discovered that the Motor Carrier Act probably exempted him from FLSA coverage. *See Motion to Dismiss Count One of Plaintiff's Complaint*, Doc. 18. On January 11, 2005, the court granted Popham's motion to dismiss count one without prejudice. *See January 11, 2005 Order Granting Motion to*

---

[1]29 U.S.C.A. §§ 201-219.

*Dismiss Count One of Plaintiff's Complaint*.

The parties have now reached a settlement of their dispute.  Though Popham no longer maintains this action under the FLSA, the parties have moved for court approval of their settlement agreement "out of an abundance of caution" because the settlement agreement includes a release of potential FLSA claims.  *See Joint Motion for Approval of Settlement Agreement and Dismissal of Action With Prejudice*, Doc. 21, p. 2.

Because Congress enacted the FLSA "to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and... are generally not subject to bargaining, waiver, or modification by contract or settlement."  *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). However, settlements of FLSA claims are permitted "in the context of a suit brought by employees under the FLSA for back wages" because settlement in an adversarial proceeding where the parties are represented by attorneys "is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Therefore, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

This case involves a claim for back wages under the FLSA.  All the claims in Popham's amended complaint relate to Massey Hauling's alleged violations of the FLSA, including the claim already dismissed.  Popham has admitted that the Motor Carrier Act "may well exempt [him] from coverage under the FLSA."  *Motion to Dismiss Count One of Plaintiff's Complaint*, Doc. 18, p. 1.  Therefore, although at this point the FLSA claims are not "actually in dispute," *Lynn's Food Stores, Inc.*, 679 F.2d at 1354, a *bona fide* question exists as to whether Massey Hauling owes Popham FLSA coverage and FLSA backpay.

After reviewing the settlement agreement, the court holds that the agreement fairly, equitably, and reasonably resolves Popham's FLSA claims and complies with the policies underlying the FLSA.  Because an action under the FLSA's opt-in provision binds only those who join the action, *see Patton v. Thomson Corp.*, No. CV 04-4635 LDW JO, 2005 WL 800000 (E.D.N.Y. April 5, 2005), the settlement cannot bind potential members of Popham's Opt-in Collective Action under count two of the amended complaint.  Therefore, the court approves the parties' settlement of all potential FLSA claims.

Because the parties have settled their dispute and the court has approved their settlement of FLSA claims, nothing is left for the court to resolve.  Therefore, the court dismisses the case with prejudice.

DONE and ORDERED this 5th day of May, 2005.


KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE